UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAVIN MAURICE RHODES,<br>　　　　Plaintiff,<br>　　v.<br>D. FORD, et al.,<br>　　　　Defendants. | Case No. 20-cv-03128-PJH<br><br>**ORDER OF SERVICE** |

Plaintiff, a state prisoner, proceeds with a pro se civil rights complaint under 42 U.S.C. § 1983. The original complaint was dismissed with leave to amend and plaintiff has filed an amended complaint.

## DISCUSSION

### STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)

(citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff presents ten claims of retaliation and failure to protect by prison officials.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). *Accord Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995) (prisoner suing prison officials under § 1983 for retaliation must allege that he was retaliated against for exercising his constitutional rights and that the retaliatory action did not advance legitimate penological goals, such as preserving institutional order and discipline); *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam) (same);

1  *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985) (contention that actions "arbitrary
2  and capricious" sufficient to allege retaliation). The prisoner must show that the type of
3  activity he was engaged in was constitutionally protected, that the protected conduct was
4  a substantial or motivating factor for the alleged retaliatory action, and that the retaliatory
5  action advanced no legitimate penological interest. *Hines v. Gomez*, 108 F.3d 265, 267-
6  68 (9th Cir. 1997) (inferring retaliatory motive from circumstantial evidence).

7        The Eighth Amendment requires that prison officials take reasonable measures to
8  guarantee the safety of prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). In
9  particular, prison officials have a duty to protect prisoners from violence at the hands of
10 other prisoners. *Id.* at 833; *Cortez v. Skol*, 776 F. 3d 1046, 1050 (9th Cir. 2015); *Hearns
11 v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005). The failure of prison officials to protect
12 inmates from attacks by other inmates or from dangerous conditions at the prison violates
13 the Eighth Amendment when two requirements are met: (1) the deprivation alleged is,
14 objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately
15 indifferent to inmate health or safety. *Farmer*, 511 U.S. at 834. A prison official is
16 deliberately indifferent if he knows of and disregards an excessive risk to inmate health or
17 safety by failing to take reasonable steps to abate it. *Id.* at 837.

18       Plaintiff presents the following claims:

19       1. Plaintiff states that on December 13, 2019, defendant Ford stated that he
20 received an email from defendant litigation coordinator Reynolds that he should not make
21 any more legal copies for plaintiff because of prison regulations and that Reynolds
22 wanted plaintiff to dismiss his federal habeas petition. Liberally construed, this states a
23 cognizable claim of retaliation against Ford and Reynolds.

24       2. Plaintiff states on December 26, 2019, defendants Ford and Buckhorn sought
25 to have plaintiff withdraw an inmate appeal and when he refused, they confiscated his
26 legal papers and filed a false rules violation report. Liberally construed, this states a
27 cognizable claim of retaliation against these defendants.

28

3. Also on December 26, 2019, plaintiff filed an additional appeal that was improperly screened out by defendant Lunsford. On January 22, 2020, defendants Foulknier and Bond ordered plaintiff to strip down to his underwear and then told other nearby prisoners that all cells are being searched due to plaintiff filing complaints on library staff and the other prisoner should deal with plaintiff on the yard. Liberally construed, this states a cognizable claim of retaliation against Foulknier and Bond. Plaintiff has failed to state a claim against Lunsford because there is no constitutional right to a prison administrative appeal or grievance system. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988).

4. Plaintiff alleges that on January 28, 2020, defendants Ford and Buckhorn conspired to have plaintiff assaulted by other inmates. He alleges that they manipulated the computer system to have plaintiff be at the library at a specific time, at which point Ford pointed out plaintiff to several inmates who attacked him. Plaintiff states this was in retaliation for the filing of staff complaints. Liberally construed, this states a cognizable claim of retaliation and failure to protect against these defendants.

5. Plaintiff states that defendant Markel told plaintiff that as long he kept filing complaints he would be double celled and then she had plaintiff taken to classification where he was denied a transfer and falsely labeled as a gang member. On February 3, 2020, Lunsford, Markel and Royal came to plaintiff's housing section and informed the prisoners that the entire prison was going on lockdown due to plaintiff's filing of complaints. Liberally construed, this states a cognizable claim of retaliation against these defendants. Plaintiff has failed to link the other defendants in this claim to the alleged constitutional deprivation, so they are dismissed from this claim.

6. On March 22, 2020, defendant Corder told plaintiff that if he did not dismiss his federal habeas petition then he would be celled with a prisoner with Covid. Plaintiff refused to dismiss the petition and a rules violation report was filed against him for refusing a cellmate. Liberally construed, this states a cognizable claim of retaliation against this defendant. Plaintiff has failed to link the other defendant in this claim to the

4

alleged constitutional deprivation so that defendant is dismissed from this claim.

7. Plaintiff alleges that defendant Chapa fabricated a rules violation report against plaintiff in retaliation for not withdrawing an appeal. Liberally construed, this states a cognizable claim of retaliation against this defendant. Plaintiff has failed to link the other defendants in this claim to the alleged constitutional deprivation, so they are dismissed from this claim.

8. Plaintiff asserts that on April 15, 2020, defendants Chapa and Hamm went to plaintiff's cell and broke his typewriter due to his filing of appeals. Plaintiff also states that Chapa arranged to have a gang member moved near plaintiff who later attacked him. Liberally construed, this states a cognizable claim of retaliation against both defendants and failure to protect against Chapa. Plaintiff has failed to link the other defendants in this claim to the alleged constitutional deprivations, so they are dismissed from this claim.

9. Plaintiff states that on August 28, 2020, defendant Perner fabricated a rules violation report against plaintiff for his refusal to dismiss his federal habeas petition. Liberally construed, this states a cognizable claim of retaliation against this defendant.

10. Plaintiff alleges that on September 1, 2020, defendant Perner attempted to have plaintiff withdraw an appeal and when plaintiff refused, Perner brought over another inmate to threaten plaintiff. Liberally construed, this states a cognizable claim of retaliation against this defendant. Plaintiff has failed to link the other defendants in this claim to the alleged constitutional deprivation, so they are dismissed from this claim.

## CONCLUSION

1. This case proceeds against the defendants and claims set forth above. All other defendants and claims are dismissed. The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, copies of the amended complaint (Docket No. 16) with attachments and copies of this order on the following defendants at Pelican Bay State Prison: D. Ford, Wendy Reynolds, B. Buckhorn, Foulknier, Bond, M. Markel, D. Lunsford, K. Royal, A. Corder, D. Chapa, Hamm and Perner.

2. In order to expedite the resolution of this case, the court orders as follows:

    a. No later than sixty days from the date of service, defendants shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue. If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due. All papers filed with the court shall be promptly served on the plaintiff.

    b. At the time the dispositive motion is served, defendants shall also serve, on a separate paper, the appropriate notice or notices required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003). *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012) (*Rand* and *Wyatt* notices must be given at the time motion for summary judgment or motion to dismiss for nonexhaustion is filed, not earlier); *Rand* at 960 (separate paper requirement).

    c. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the court and served upon defendants no later than thirty days from the date the motion was served upon him. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

If defendants file a motion for summary judgment claiming that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)," which is provided to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003).

    d. If defendant wishes to file a reply brief, he shall do so no later than fifteen days after the opposition is served upon her.

6

    e.  The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the court so orders at a later date.

  3.  All communications by plaintiff with the court must be served on defendant, or defendant's counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

  4.  Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

  5.  It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address."  He also must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: October 29, 2020

                    PHYLLIS J. HAMILTON
                    United States District Judge

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING (EXHAUSTION)**

If defendants file a motion for summary judgment for failure to exhaust, they are seeking to have your case dismissed.  If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies.  Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions. If defendants file a motion for summary judgment for failure to exhaust and it is granted, your case will be dismissed and there will be no trial.