UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAVIN MAURICE RHODES,<br>    Plaintiff,<br><br>    v.<br><br>D. FORD, et al.,<br>    Defendants. | Case No. 20-cv-03128-PJH<br><br>**ORDER**<br>Re: Dkt. Nos. 24, 25 |

    Plaintiff, a state prisoner, proceeds with a pro se civil rights complaint under 42 U.S.C. § 1983. The operative amended complaint was filed on September 28, 2020, and the court ordered service on October 30, 2020. Plaintiff seeks to add several defendants and claims regarding events in December 2020 and January 2021. Assuming that these claims are fully exhausted, a prisoner may only satisfy the exhaustion requirement as long as he exhausted his administrative remedies prior to filing an amended complaint. *See Rhodes v. Robinson*, 621 F.3d 1002, 1006 (9th Cir. 2010) (amended complaint raised new claims which arose after the original complaint was filed); *Cano v. Taylor*, 739 F.3d 1214, 1220–21 (9th Cir. 2014) (amended complaint raised new claims which arose prior to the filing of the initial complaint). These allegations could not have been exhausted until after the filing of the amended complaint and cannot be brought in this action.

    To the extent plaintiff seeks to file a second amended complaint and bring these claims, any such request is denied. "[M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims

against different defendants belong in different suits," not only to prevent the sort of "morass" that a multi-claim, multi-defendant suit can produce, "but also to ensure that prisoners pay the required filing fees – for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of required fees." *Id*. (citing 28 U.S.C. § 1915(g)). Here plaintiff seeks to add new claims against new defendants. While the allegations in this action involve retaliation and the new claims also involve retaliation, plaintiff has not shown that the new claims are sufficiently linked to the current claims. Plaintiff may file a new action against these defendants.

For the foregoing reasons:

1. Plaintiff's motion to supplement the pleadings (Docket No. 25) is **DENIED**. Plaintiff may raise the claims in a separate action. The clerk shall send plaintiff a blank civil rights form and application to proceed in forma pauperis.

2. Plaintiff's motion to compel (Docket No. 24) is **DENIED**. No defendants have appeared in this case so a motion to compel is premature. Plaintiff is informed that court staff has been in contact with the United States Marshal regarding service of defendants and will continue to monitor the case.

**IT IS SO ORDERED.**

Dated: March 22, 2021

                    /s/ Phyllis J. Hamilton
                    PHYLLIS J. HAMILTON
                    United States District Judge