UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAVIN MAURICE RHODES,<br><br>Plaintiff,<br><br>v.<br><br>D. FORD, et al.,<br><br>Defendants. | Case No. 20-cv-03128-PJH<br><br>**ORDER DENYING MOTION FOR AN INJUNCTION**<br><br>Re: Dkt. No. 81 |

Plaintiff, a state prisoner, proceeds with a pro se civil rights complaint under 42 U.S.C. § 1983. The court recently granted in part defendants' motion for summary judgment on exhaustion grounds. Several defendants and claims were dismissed, and the court is waiting for a dispositive motion on the merits from the remaining defendants. Presently pending is plaintiff's motion for a preliminary injunction or temporary restraining order.

A temporary restraining order preserves the status quo and prevents irreparable harm until a hearing can be held on a preliminary injunction application. *See Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974). A temporary restraining order is an "extraordinary remedy" that the court should award only when a plaintiff makes a clear showing that he is entitled to such relief. *See Winter v. Natural Res. Defense Council, Inc.*, 555 U.S. 7, 24 (2008). The standards for a temporary restraining order are the same as those for a preliminary injunction. *See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). A plaintiff must demonstrate (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm that will result if an injunction is not issued, (3) the balance of equities tips

in favor of the plaintiff, and (4) an injunction is in the public interest. *See Winter*, 555 U.S. at 20.  The irreparable injury must be both likely and immediate.  *See id*. at 22; *Caribbean Marine Services Co., Inc. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988) ("A plaintiff must do more than merely allege imminent harm sufficient to establish standing; a plaintiff must *demonstrate* immediate threatened injury as a prerequisite to preliminary injunctive relief.")

Plaintiff seeks an injunction to stop retaliation by several individual due to his filing of inmate appeals.  However, plaintiff identifies individuals who were never parties to this action or were recently dismissed.  An injunction is binding only on parties to the action, their officers, agents, servants, employees and attorneys and those "in active concert or participation" with them.  Fed. R. Civ. P. 65(d).  In order to enforce an injunction against an entity, the district court must have personal jurisdiction over that entity.  *In re Estate of Ferdinand Marcos*, 94 F.3d 539, 545 (9th Cir. 1996).  The court should not issue an injunction that it cannot enforce.  *Id*.  Plaintiff has not identified any defendants in this case who could provide the relief he seeks.

Even if plaintiff had identified the appropriate defendants, he has not met his burden under *Winter*.  Plaintiff's general and confusing allegations fail to demonstrate a likelihood of success on the merits or irreparable harm.

For the foregoing reasons:

Plaintiff's motion for injunctive relief (Docket No. 81) is **DENIED**.

**IT IS SO ORDERED.**

Dated: October 5, 2022

  */s/ Phyllis J. Hamilton*
PHYLLIS J. HAMILTON
United States District Judge