1

2

3                          UNITED STATES DISTRICT COURT

4                         NORTHERN DISTRICT OF CALIFORNIA

5

6

7    KAVIN MAURICE RHODES,                    Case No.  20-cv-03128-PJH

                 Plaintiff,
8
                                              **ORDER GRANTING MOTION FOR**
9          v.                                 **LEAVE TO FILE A SECOND MOTION**
                                              **FOR SUMMARY JUDGMENT**
10   D. FORD, et al.,
                                              Re: Dkt. No. 128
11               Defendants.

12

13

14         This is a civil rights case brought pro se by a state prisoner under 42 U.S.C. §

15   1983.  Defendant has filed a motion for leave to file a second summary judgment motion.

16   See Dkt. 128.  Defendant's first summary judgment motion was granted in part and

17   denied in part, and the case proceeded on plaintiff's retaliation claim against defendant

18   Ford regarding an incident on January 16, 2020.  Specifically, the court concluded that

19   plaintiff had raised a genuine issue of material fact as to whether Ford was made aware

20   that he was the subject of plaintiff's grievance and issued a false Rules Violation Report

21   ("RVR") as retaliation.  See Dkt. 103.

22         In particular, the court cited an argument made in plaintiff's opposition brief, that

23   defendant Ford was present in the law library on January 14, 2020, at the same time that

24   plaintiff was being interviewed about the grievance that he had filed against Ford.  See

25   Dkt. 103 at 5 (citing Dkt. 93 at 4).  Defendant now seeks to file a second summary

26   judgment motion to present evidence that defendant Ford was not at work, and thus, not

27   in the law library, on January 14, 2020.  See Dkt. 128, 129.  Defendant also seeks to

28   present evidence that plaintiff did not suffer any harm as a result of the RVR.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    "[D]istrict courts have discretion to entertain successive motions for summary

2    judgment." Hoffman v. Tonnemacher, 593 F.3d 908, 911 (9th Cir. 2010).  Although a

3    court "retain[s] discretion to 'weed out frivolous or simply repetitive motions,'" the filing of

4    a second motion for summary judgment can encourage the efficient resolution of

5    lawsuits.  Id. (quoting Knox v. Southwest Airlines, 124 F.3d 1103, 1106 (9th Cir. 1997)).

6    In this instance, defendant's proposed second motion for summary judgment

7    would not be frivolous or simply repetitive.  Defendant's first motion for summary

8    judgment argued that "plaintiff cannot establish with evidence that Ford's adverse action

9    taken against plaintiff on January 16, 2020 stemmed from a retaliatory motive."  Dkt. 87

10   at 9.  In his opposition brief, plaintiff argued for the first time that he was interviewed

11   about his grievance in the law library on January 14, 2020, in "Ford's direct presence,"

12   thus suggesting that Ford was aware of plaintiff's grievance and had motive to retaliate.

13   Dkt. 93 at 4.  Based in large part on plaintiff's argument made in his opposition brief, the

14   court concluded that "[i]f plaintiff's facts are true and Ford was made aware a few days

15   before that he was the subject of an inmate appeal and Ford confiscated plaintiffs' legal

16   documents and had plaintiff written up for a RVR due to the inmate appeal, then a jury

17   could conclude there was a constitutional violation."  Dkt. 103 at 5.  On that basis, the

18   court denied summary judgment in part as to defendant Ford.

19   Defendant now argues that he "can present newly developed objective evidence

20   that he was not present in the law library on January 14, 2020."  Dkt. 128 at 2.  If

21   defendant's evidence does indeed prove what defendant claims, it would be squarely

22   relevant to plaintiff's retaliation claim.  As the court stated in its previous order, "[i]f Ford

23   was unaware of the inmate appeal and plaintiff received the RVR for his behavior, then

24   there was no constitutional violation."  Dkt. 103 at 6.

25   However, plaintiff's opposition to defendant's motion for leave shows that he may

26   also have new evidence that demonstrates Ford's awareness of plaintiff's grievance.

27   Specifically, plaintiff cites the written decisions regarding plaintiff's grievance and argues

28   that they show that defendant Ford was interviewed by prison staff regarding plaintiff's

2

United States District Court
Northern District of California

1   grievance, and that the interview occurred on or before January 16, 2020.  See Dkt.

2   131-1, ¶¶ 8, 9, see also Dkt. 131-1, Ex. 3, 4.

3          Having considered the new evidence presented by both plaintiff and defendant,

4   the court concludes that a second summary judgment motion would not be "frivolous or

5   simply repetitive," and thus GRANTS in part defendant's motion for leave.  Both parties

6   shall have the opportunity to present their evidence regarding Ford's knowledge of

7   plaintiff having filed a grievance against him.

8          However, to the extent that defendant also seeks to argue that plaintiff suffered no

9   harm as a result of the RVR, the court concludes that a second summary judgment

10  motion on this issue is not warranted.  First, in contrast to the issue of Ford's awareness,

11  no new arguments on this issue were raised by plaintiff's opposition to defendant's first

12  summary judgment motion.  Second, plaintiff alleges in his original complaint not only that

13  he was harmed by the RVR, but also by having his legal materials wrongfully confiscated,

14  which, if proven, would be sufficient by itself to support a constitutional violation.  See

15  Dkt. 1 at 6; see also Dkt. 97 at 5, Dkt. 123 at ¶¶ 12-15.  Defendant's proposed second

16  summary judgment motion does not address the allegation that plaintiff's legal materials

17  were confiscated.

18         Overall, the court concludes that a second summary judgment motion on the issue

19  of whether plaintiff suffered any harm would address issues that could have been

20  addressed during the first summary judgment motion, and thus, no judicial economy or

21  efficiency would be gained by allowing such a motion to go forward.  Thus, defendant's

22  motion for leave is DENIED to the extent that it seeks to argue that plaintiff suffered no

23  harm.

24         As stated above, defendant's motion for leave to file a second summary judgment

25  motion (Dkt. 128) is GRANTED in part and DENIED in part.  The court will allow

26  defendant to file a summary judgment motion on the issue of defendant Ford's

27  awareness of plaintiff having filed a grievance against him, including whether Ford

28  became aware through his presence in the law library on January 14, 2020, and/or his

1  interview with J. Cummings about plaintiff's grievance.  Because the latter argument was

2  raised for the first time in plaintiff's opposition to defendant's motion for leave, the court

3  will allow defendant an opportunity to file a revised summary judgment motion to address

4  the issue of the J. Cummings interview.  Thus, the proposed second summary judgment

5  motion that has already been filed (Dkt. 129) is STRICKEN, and defendant shall file a

6  revised second summary judgment motion no later than **March 21, 2024**.  The revised

7  motion shall remove the portion of the motion relating to the issue of whether plaintiff

8  suffered any harm.

9  　　　　Plaintiff shall then have until **April 4, 2024** to file an opposition, and defendant

10  shall have until **April 11, 2024** to file a reply.  After briefing is complete, the court will set

11  a hearing if necessary.

12

13  　　　　**IT IS SO ORDERED.**

14  Dated: March 14, 2024

15  　　　　　　　　　　　　　　　　　　　_/s/ Phyllis J. Hamilton_

16  　　　　　　　　　　　　　　　　　　　PHYLLIS J. HAMILTON
　　　　　　　　　　　　　　　　　　　　United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

4