United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KAVIN MAURICE RHODES,
Plaintiff,

v.

D. FORD,
Defendant.

Case No. 20-cv-03128-PJH

**FINAL PRETRIAL ORDER**

Pursuant to Rule 16(e) of the Federal Rules of Civil Procedure, this final pretrial order is hereby entered and shall control the course of the trial unless modified by a subsequent order.

I. MOTIONS IN LIMINE

A. Plaintiff's Motion in Limine No. 1

Plaintiff's first motion in limine asks the court to preclude defendant from calling Hector Reyna as a witness because he was not disclosed. See Dkt. 213 at 2. Defendant has indicated that he does not oppose plaintiff's motion to exclude Reyna as a trial witness. See Dkt. 227 at 1, n.1. Accordingly, as stated at the pretrial conference, the motion is DENIED as moot.

B. Plaintiff's Motion in Limine No. 2

Plaintiff's second motion in limine asks the court to preclude defendant from calling Landon Blackman as a witness because he was not timely disclosed. See Dkt. 213 at 6. Defendant argues that his lack of disclosure did not actually harm plaintiff and should

thus be excused. See Dkt. 227 at 3. However, as stated at the pretrial conference, plaintiff was harmed by not being able to depose Blackman during the discovery period. Defendant did not argue that his failure to disclose was substantially justified, and in fact offered no reason why his initial or supplemental disclosure did not identify Blackman as someone who would be relied on to testify at trial. Thus, plaintiff's motion is GRANTED and Blackman will not be permitted to testify at trial.

C. Defendant's Motion in Limine No. 1

Defendant's first motion in limine asks the court to exclude evidence about plaintiff's mental and emotional damages. See Dkt. 207. Defendant argues that such damages are precluded by the Prison Litigation Reform Act (PLRA), which requires a plaintiff to have suffered a physical injury in order to recover mental or emotional damages. See id. at 2 (citing 42 U.S.C. § 1997(e)).

Plaintiff cites controlling Ninth Circuit authority holding that the PLRA's physical injury requirement does not apply to claims brought under the First Amendment. See Canell v. Lightner, 143 F.3d 1210, 1213 (9th Cir. 1998); Oliver v. Keller, 289 F.3d 623, 627 n.5 (9th Cir. 2002); see also Baker v. O'Reilly, 2025 WL 104406 (W.D. Wash. Jan. 15, 2025).

The Canell line of cases is clear in showing that the Ninth Circuit has not required a plaintiff with a First Amendment claim to show a physical injury in order to recover mental/emotional damages. Accordingly, as stated at the pretrial conference, defendant's first motion in limine is DENIED. However, in a case in which only monetary damages are sought and in the absence of any evidence of injury flowing from the constitutional violation other than emotional distress/mental anguish, the jury instructions and verdict form will not set out emotional distress/mental anguish as a separate injury from the constitutional violation. Plaintiff's testimony is sufficient to establish such injury.

D. Defendant's Motion in Limine No. 2

Defendant's second motion in limine asks the court to exclude evidence regarding the second and third claims in plaintiff's operative complaint, which were dismissed at

United States District Court
Northern District of California

summary judgment. See Dkt. 208. Plaintiff argues that certain pieces of evidence relate to both the dismissed claims as well as the live claim, and those pieces of evidence should remain in the case. See Dkt. 228.

As discussed at the pretrial conference, defendant's second motion in limine is GRANTED in part and DENIED in part. Any evidence that relates only to the second and third claims shall indeed be excluded. Specifically, no evidence will be permitted regarding the attack on plaintiff by other inmates or the alleged involvement of the defendant in arranging for that attack. However, the court will permit evidence of the alleged ban of plaintiff from the law library following his removal on January 16, 2020, including the library access request form.

## II. EXHIBITS

Both parties will present exhibits in paper form.

## III. WITNESSES

The parties' may present their witnesses live, or by deposition, either written or video, or by remote appearance.

## IV. UNDISPUTED FACTS

The undisputed facts contained in the parties' joint pretrial statement will be captured in a written stipulation to be provided to the jury at the commencement of trial. The stipulation must be provided to the court no later than Monday October 5, 2026.

## V. VOIR DIRE

As discussed at the pretrial conference, the court will incorporate most of the parties' jointly-proposed questions into the voir dire which will be conducted primarily by the court. The parties will each be allotted 15 minutes for follow-up questions.

## VI. JURY INSTRUCTIONS

At the pretrial conference, the court indicated that it will accept the parties' jointly submitted jury instructions.

As to the single disputed instruction – number 22, regarding proof of damages – as stated at the pretrial conference and above, the court adopts defendant's proposed

instruction. A blind set of all instructions shall be provided to the court by October 5, 2026.

As also stated at the pretrial conference, defendant is directed to provide authority on whether a jury instruction on nominal damages is appropriate for this case no later than **September 29, 2026**, along with a proposed instruction. Plaintiff shall have until **October 1, 2026** to respond.

Lastly, defendant confirmed at the pretrial conference that he is voluntarily dismissing his 17 asserted affirmative defenses, and thus, no jury instructions will be given on those defenses.

## VII. VERDICT FORM

Regarding the verdict form, the parties are directed to meet and confer and submit a jointly proposed verdict form consistent with the court's instructions at the pretrial conference to add these four specific alleged adverse actions so that the jury can indicate which one(s) establish defendant's liability, if any: (1) refusing to make copies for plaintiff on January 16, 2020, (2) improperly confiscating plaintiff's legal documents on January 16, 2020, (3) submitting a false Rules Violation Report against plaintiff on January 17, 2020, (4) denying plaintiff law library access after the January 16 incident. The verdict form can be submitted on or before the day of jury selection.

## VIII. REQUEST FOR A BIFURCATED TRIAL

As stated at the pretrial conference, the parties' request to bifurcate the trial is DENIED.

## IX. TRIAL SCHEDULE AND TIME LIMITS

The duration of the trial shall be 3 days commencing on Tuesday, October 13, 2026. The trial schedule will be Tuesday through Thursday, from 8:30 a.m. to 1:30 p.m., with two 15-minute breaks each day, except for the last day of trial which be extended to 4:00 p.m. Jury selection will occur on Friday, October 9, 2026, at 8:30 a.m. Each side will be allotted 5 hours to present its case, not including closing arguments.

XI. FINAL COMMENTS

At the pretrial conference, the parties indicated that they may be willing to accept a verdict from a five-person jury, in which case the court will seat six jurors instead of seven at jury selection. The parties are directed to file a notice on that issue no later than **September 29, 2026**.

**IT IS SO ORDERED.**

Dated: September 28, 2026

/s/ *Phyllis J. Hamilton*
PHYLLIS J. HAMILTON
United States District Judge

United States District Court
Northern District of California